ORIGINAL

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

FILED
JUN - 5 2012

| | |
|---|---|
| In re:<br><br>Eduardo Monroy<br><br>Debtor(s). | Case No.: 1:10-bk-21989-GM<br><br>CHAPTER 11<br><br>**COURT WRITTEN TENTATIVE RULING REGARDING OBJECTION TO MIKE TARGON ENTERPRISES INC'S DECLARATION OF DEFAULT AND REQUEST FOR ENTRY OF ORDER GRANTING RELIEF FROM STAY**<br><br>Date: June 5, 2012<br>Time: 10:00 a.m.<br>Courtroom: 303 |

Court written tentative ruling attached to this cover sheet.

-1-

United States Bankruptcy Court
Central District of California

San Fernando Valley

Judge Geraldine Mund, Presiding

Courtroom 303 Calendar

**Tuesday, June 5, 2012**                                                                                          Hearing Room  303

<u>10:00 am</u>

**1:10-21989**    **Eduardo Monroy**                                                                                       **Chapter 11**

#39.00    Objection to Mike Targon Enterprises Inc's
Declaration of Default and Request for
Entry of Order Granting relief from stay.

Docket #:  133

**Tentative Ruling:**

Debtor objects to declaration of default requesting entry of order granting relief from stay to creditor Mike Targon.

<u>Background</u>
    This Chapter 11 was commenced on 9/23/10.
    Debtor owns real property at 665 W. Florence Ave., where his wholly-owned corporation MSE Enterprises (also a chapter 11 debtor), operates a used car business, which is debtor's major source of revenue.  Mike Targon ("Creditor") holds a deed of trust on this property.  According to Creditor, the total secured debt through petition date is $298,028.15, as set forth in proof of claim dated 12/29/10. By order dated 4/2/12, the court valued this property at 275,000.
    On 4/1/11 the court granted Creditor relief from stay subject to an adequate protection order.  Under the adequate protection order, debtor was required to make $2,900 monthly payments to Creditor and Creditor was entitled to relief from stay without further notice or hearing 14 days after written notice of default (17 days if service by mail).

<u>Debtor's Objection to Entry of Order Granting Relief from Stay</u>
    Debtor failed to make the adequate protection payment due 4/1/12.  Creditor's representative sent debtor written notice of default and demand for payment on 4/19/12.  Debtor remitted cashier's checks of $5,800 for April and May payments on May 10, but Creditor advised debtor it was rejecting payment and would be seeking relief from stay under the APO.  (Debtor offered to increase the monthly adequate protection payment to $4,400 and to agree to pay down the obligation by $30,000 on the effective date of a plan of reorganization, to no avail.)
    On 5/8/12, Creditor filed a declaration of default and lodged an order granting relief from stay, pursuant to the terms of the APO.  Debtor objects to the declaration and asks the court to continue the stay notwithstanding his failure to comply with the adequate protection order.

# United States Bankruptcy Court
# Central District of California

### San Fernando Valley
### Judge Geraldine Mund, Presiding
### Courtroom 303 Calendar

**Tuesday, June 5, 2012**　　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room  303**

10:00 am

**Cont....**　　　**Eduardo Monroy**　　　　　　　　　　　　　　　　　　　　　　**Chapter 11**

Creditor's Opposition to Debtor's Objection
　　This is the third default by debtor under the APO:  Debtor defaulted on (i) the 7/11 payment and (ii) the 2/12 and 3/12 payments, but in both cases cured the default within the 14/17 day cure period after receiving notification of default from Creditor.
　　In this latest default, debtor not only did not cure the default within the 14/17 cure period, he did not even contact Creditor's lawyers to explain default or seek relief.
　　Creditor acknowledges that debtor's case has been hampered by inadequate representation, but argues that debtor himself has recklessly disregarded Creditor's rights. This latest failure to make timely payments occurred after new counsel was retained. Creditor has been substantially prejudiced by debtor's repeated failures to comply with the APO and by the 1 1/2 years this case has been pending.

Debtor's Reply
　　The reply seeks to reopen the issues of whether relief from stay should have been granted in the first place since it argues that the income is necessary to an effective reorganization and relief from stay would damage debtor's other creditors.  Targon has suffered no harm except some attorney's fees.  And these are not detailed.

Analysis
　　Debtor paid the April adequate protection payment 7 days after the deadline in the adequate protection order.  However this was the third default under the adequate protections order (the others were timely cured).  Accordingly, Creditor is entitled to file a declaration of default and proposed order terminating the stay, which "the court **may grant** without further notice or hearing." (emphasis added)
　　It appears that, prior to this default, debtor made a year of payments under the adequate protection order though with two instances of delay, triggering warning letters. A review of the docket in the case shows a flurry of activity since the debtor's original counsel was suspended and ultimately replaced by current counsel.  Among other things, an order valuing this property was recently entered.  Recent status reports show the debtor contemplates filing a plan of reorganization shortly.  Allowing Creditor relief from stay would undermine debtor's prospects for reorganization to the detriment of other creditors.  However the debtor must take responsibility for paying this creditor in a timely fashion.

# United States Bankruptcy Court
# Central District of California

### San Fernando Valley
### Judge Geraldine Mund, Presiding
### Courtroom 303 Calendar

**Tuesday, June 5, 2012**　　　　　　　　　　　　　　　　　　　　　　　**Hearing Room 303**

10:00 am

**Cont....　　Eduardo Monroy**　　　　　　　　　　　　　　　　　　　　　　　　**Chapter 11**

Proposed ruling: The prior order gives the court the discretion to grant or not grant relief from stay on a default. Given the history of this case and the number of payments that the debtor has made, it is within my sound discretion to deny relief from stay at this time or to modify the adequate protection order.

1. The debtor is to set up an automatic monthly bank transfer to Targon.
2. Targon is to submit a statement of fees incurred due to the defaults and once I approve the amount these are to be paid by the debtor in equal monthly installments over a six month period.

While I will not modify the adequate protection payment amount at this time, I strongly urge the debtor to work out something with Targon so that the creditor is more conducive to voting for a plan.

Party Information

**Debtor(s):**

　　Eduardo Monroy　　　　　　　　　　　　　　　　　　　**Represented By**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Thomas E Kent